### TANKERSLEY v. RICHARDSON.

1. After the return term of the writ, no exception can be taken, for the want of an endorsement of the cause of action.
2. Awards being much favored, the Court will intend every thing which the record will warrant, to sustain a judgment rendered on an award.
3. The award in this cause, held sufficient to support the judgment; although no declaration was filed.

THE record in this cause shews that on the 30th of March, 1824, a writ issued against Richard Tankersley, to answer unto Thomas Richardson, as surviving partner of the firm of *Richardson & Blake*, in a plea of trespass on the case, to the damage of the plaintiff of $1000. The writ was returnable to the April term of Mobile Circuit Court, and was executed. No endorsement of the cause of action appeared on the writ. After the writ in the record, the following entry appears: "This cause having been referred to the arbitrament of Amos Woodward and William Barnwell, and they having made this award, in the words and figures following, to wit: "We the undersigned referees, appointed to examine into the accounts between the late firm of Richardson and Blake, and Mr Richard Tankersley, have performed the duty required of us, and report and award $160 83 the balance due by Richard Tankersley to Richardson and Blake."

A. WOODWARD,<br>W. BARNWELL.

"Wherefore it is considered by the Court now here, that the said Thomas Richardson, junior, surviving partner as aforesaid, do recover under the award aforesaid, which is made the judgment of the Court, the aforesaid sum of $160 80, together with his costs, by him about his suit, in this behalf expended."

The above, comprises the whole record, as certified. The term of judgment does not appear; except that the title of the record reads thus: "Pleas before the Honorable Abner S. Lipscomb, Judge of the first Judicial Circuit of the State of Alabama, holden in and for the county of Mobile, at the April term of said Court, in the year 1826."

*Tankersley,* here assigns for error. 1. That there is no endorsement of the cause of action on the writ, as required by statute. 2. That there is no declaration, or cause of action set forth. 3. That the persons named as arbitrators do not appear to have been appointed by the parties or with their consent. 4. That the arbitration does not appear to be between the parties to the action. 5. That no term is expressed in the record, at which judgment was rendered.

Acre, for the plaintiff in error, argued, that by the statute, [a] the cause of action must be endorsed on the writ; that it therefore became an essential part of the writ, which, without such endorsement is a nullity. That a declaration is necessary, in order that the judgment on the cause of action therein set forth may be pleaded in bar to another action for the same matter. That it is determined by arbitration, does not vary the rule, because the same reason still exists. But here, there is no submission to arbitration, either in the form of an agreement, or by order of Court. The statement of the clerk that arbitrators were appointed, is no proof of that fact. A copy of the order of reference if any, is the only evidence that is proper.

The case of *Jones v. Acre,* [b] decided in this Court, sustains the position taken under the last assignment of error, as to the term of the Court when judgment was rendered not appearing in the record.

By JUDGE COLLIER. Five several matters, assigned for error in this cause, are presented for our consideration. By an act of 1807, [c] entitled "an act establishing Superior Courts, and declaring the powers of the Territorial Judges," the clerk or plaintiff's attorney, is directed to endorse on the writ the cause of action, and the sheriff is di-

[a] Laws of Ala. 453, Sec. 31. Minor's Ala. R. 102.

[b] Minor's Ala. R. 5.

[c] Laws Ala. 453.

rected on executing the writ, to deliver to the defendant a copy of the endorsement. The statute does not consider the endorsement as an essential constituent of the suit: it rather seems to consider them as distinct, yet, at some stage of the proceedings, perhaps dependent for their legal offices on each other; without therefore pretending to determine how far such objections as appear on the original process, are available on error, the Court have no difficulty in attaining the conclusion, that an exception cannot be taken to the want of an endorsement, after the return term of the writ.

The sufficiency of the second assignment depends on the consideration which the Court may give to those that follow; if the award is sustainable, there cannot be a doubt, that no declaration is required

The adjustment of controversies and suits by arbitration, is a species of remedy much favored by legislation; so much so, that, not only what can be, is intended in its favor, but it will not be permitted to be impugned for any extrinsic cause; unless it be founded in corruption, partiality, or other undue means. This is the consideration in which awards are holden in the Courts to which they are returned. This Court must, in accordance with a rule repeatedly laid down, not only intend in favor of the award, but of the judgment below, every circumstance or point which the record warrants, that is necessary to legitimate the action of the Court. It may infer, that the award was made the judgment of the Court, (the reverse not appearing,) by the consent of the parties; and if it was, an order of reference is dispensed with, and the judgment is tantamount to a judgment by confession, and cannot be erroneous in point of fact. It is however the opinion of some of the members of the Court, that the entry on the record, preceding the award and judgment, is in itself an order to refer the cause. It is needless to inquire, whether the entry of the reference and judgment is sufficient, within _a_ Laws of Ala. the act of 1799, entitled an act concerning defalcation, _a_ as 457. it may well (and perhaps most rationally) be intended, that the judgment was by consent. The fourth and fifth assignments, are not, it is conceived, sustained by the record. The identity of the parties in the writ and judgment sufficiently appears. The caption of the record shews when the judgment was rendered, and it appears from other facts in the record, that the writ of error is not barred by the statute of limitations.

The Court are therefore of opinion, that the judgment below must be affirmed.

The CHIEF JUSTICE, not sitting.

JULY 1829.

Tankersley
v.
Richardson.

NOTE.—See the case of Mendenhall v. Smith, Minor's Ala. Rep. 380 ; also, 1. Stewart's Rep. 152, 244.