BURFORD *versus* CUNNINGHAM, *et al.*

Whether a defect, existing in the indorsement of a writ, is available on demurrer, where a party has craved oyer, and filed that demurrer in time: or, whether there may not be a proper case for demurrer, after a judgment by default—*Quære.*

But, after a judgment by default, a party will not be permitted by *demurrer,* to evade that rule of practice, which prohibits all dilatory pleas without the consent of the adversary, after the time for filing those pleas has expired.

In this case, the plaintiff, Burford, instituted an action of debt, in the Circuit Court of Jefferson, to recover of the defendants the amount of a promissory note. The indorsement of the cause of action, on the writ, described it to be a sealed note, without set-

ting out the seals, and the declaration was in the common form upon a writing obligatory, but omitted a description of the seals. At the trial term, a judgment by default, for want of a plea, was rendered against the defendants, which was opened on affidavit of merits, and permission given to plead. The defendants demurred generally, to the declaration and writ; which demurrer, the Court sustained, and gave the plaintiff leave to amend. The plaintiff having declined to amend, took his writ of error to this Court, and assigned the action of the Court below as a ground for reversal.

PECK, for Plaintiff.—The objection here, not having been taken at the appearance nor trial terms—nor when judgment by default was entered, was sought to be available when the case was opened on an affidavit of merits.

The defect, if it was a material one, was clearly abateable only on plea, and at the appearance term. But the objection is immaterial.

According to the English practice, a defect in the writ could not be taken advantage of, on demurrer. The practice is the same here.—*Aik. Dig.* 278—1 *Minor's Rep.* 385, 392—1 *Stewart's Rep.* 17, 275—2 *Stewart*, 130—*Minor's Rep.* 102.

ELLIS, *contra.*—The rule is, that when a demurrer is filed, it reaches back to the first defective pleading. When oyer of the writ and indorsement was craved in this case, they became part of the record, and the variance apparent, was fatal.

It is of no consequence when the demurrer is filed, so that the defect complained of is a material one.

Here, we are notified of being sued on a *promissory note*, and at the trial *a bond* is produced against us.—*Lee* vs. *Adkins, Minor's Rep.* 187.

By Mr. Justice HITCHCOCK:

This was an action brought by the plaintiff in error against the defendants, in the Circuit court of Jefferson county. The writ is in the *debet and detinet*, for two hundred dollars. The endorsement on the back of the writ, describes a promissory note dated the 6th of February, 1830, due the 25th December, 1831, for two hundred dollars, stating it to be signed and sealed by the payors. There are no seals set out opposite to the signatures. The declaration is in the common form of an action of debt on a writing obligatory, describing such an instrument as is set forth in the endorsement of the writ, except the seals. A judgment by default was taken at the trial term of the Court, for want of a plea, and at the same term the defendants asked leave to open the default, filing affidavits setting forth an excuse for not having pleaded in time, and swearing to a defence on the merits; upon which the Court set aside the default, and gave the defendants leave *to plead.* The defendants then craved oyer of the writ and endorsement, and demurred generally to the " *writ* and *declaration,*" as not being sufficient " in law for the plaintiff to maintain his action against them, and that they were not bound by the law of the land to answer the same." No mention is made of the endorsement, in the demurrer, but the exception is to the *writ* and the declaration. The Court sustained the demurrer, and gave the plaintiff leave to amend, which he declined doing, but has brought the case here by writ of error.

The Circuit Courts are invested with authority to control the pleadings in cases before them, and may, in the exercise of a sound discretion, grant motions to set aside defaults, and allow pleas and demurrers to be filed. This should, however, be always exercised with a due regard to the rights and interests of the

opposite party, and never be permitted to be used for the purpose of delay, or to the hindrance of justice. That the shewing in this case presented proper grounds for setting aside the default, for the purpose of allowing a plea to the merits of the action, is apparent. The party swore that he had a defence to the merits, and that he had employed counsel at the appearance term, to file his plea, but that it had not been done, though he had supposed it had. The plaintiff had, however, by this default, acquired an advantage which should have protected him in his rights, at least so far as to have insured him a trial on the merits.

By the 10th Rule of Practice, a default duly entered, protects the plaintiff from any plea, while the party is in default. By the 11th Rule, a default may be set aside on *timely application*, and an affidavit of *merits*. And by the 12th Rule, no plea in abatement shall be received, *if objected to*, unless by the endorsement of the clerk, it appear to have been filed within the time allowed for pleading. It has been decided by this Court, " that an endorsement is not an essential constituent of a writ, and that no advantage can be taken of the want of it, after the return term."[a] 2 Stewart,130 Also, that in a case where the endorsement describes a note under seal, and the declaration describes a promissory note, with a scroll and judgment by default, this Court would not consider the variance sufficient to reverse a judgment, even if the Court would look to the endorsement for that purpose.[b] Also, that the [b] 1 Stewart, 17. endorsement will not be looked into, to reverse a judgment, upon an alleged variance, between the endorsement and the declaration, except *upon plea in abate-*[c] Ala. Rep. 92. *ment.*[c]

In the case of *Lee* vs. *Adkins,*[d] the Court refused to [d] Ala. Rep. 187. reverse, on special demurrer, because *oyer* was not

craved of the endorsement on the writ.   This Court has, in various other instances, and invariably, discouraged defences of this kind, not going to the merits, and particularly when the defendant has been in default.

In this case, this defence could not have been made by plea in abatement, at the time this demurrer was filed.   It would have been in express violation of the 12th Rule, before quoted.   Had the Court the power to permit the party to evade the force of that rule, by filing a demurrer? and is a demurrer a proper mode of taking advantage of such a variance?   This latter question has never been distinctly presented before. In the cases before cited, the question has been presented incidentally, and the cases have been disposed of on some other ground.   While special demurrers were allowed by law, there could, perhaps, be no objection to them : but now, that no demurrer shall have any other effect than that of a general demurrer,[a] it is proper to enquire, whether a general demurrer reaches a case like this.   A general demurrer, it will be admitted reaches only to matter of substance.   It must appear on the face of the *preceding pleadings*, and so far as appears by reference to *Chitty's Pleadings*,[b] never goes behind the declaration.

In this case, the allegation is, that the writ and declaration are not sufficient, in law, to sustain the action.   If we look at those alone, without reference to the endorsement, the demurrer cannot be sustained, for there is no variance between them, and there is no defect upon the face of either.   Without, however, deciding whether, when the party comes in time, and craves *oyer* of the endorsement on the writ, and demurs, his demurrer would not be sustained, or whether there might not be a proper case for a demurrer after judgment by default is opened----I am clearly of

*Aik. Dig.277.

[b]1 Chitty, 700.

the opinion that after a judgment by default, the Court has not the power to allow the party, by way of demurrer, to evade the penalty of the 12th Rule, which prohibits all dilatory pleas, without the consent of the party, after the time for filing those pleas has expired.    It is sufficient that these technical defects, are allowed, when taken in time.    It is, therefore, the opinion of the Court, that the judgment should be reversed, and the cause remanded, with leave to the defendant to plead to the merits of the action.