## MOBILE  BAY  ROAD  CO.  *vs.*  YEIND.

[APPEAL  FROM  JUDGMENT  ON  AWARD  OF  ARBITRATORS.]

1. *When judgment may be rendered on award.*—The parties to a pending-suit may agree in writing to submit the matters in controversy between them to arbitration, and to have the award entered as the judgment of the court; and if the award is returned into court by the arbitrators, deciding the matter in controversy in favor of one, and against the other party, and showing on its face that the arbitrators were duly sworn, judgment may be thereon rendered by the court in accordance with its terms.

2. *Notice of award.*—If the agreement, in such case, does not stipulate that notice of the award shall be given to the parties, notice, *it seems*, is not necessary; but, whether notice is necessary or not, the judgment will not be reversed, on error, because the record does not affirmatively show that actual notice was given.

3. *Objections to award.*—To such an award no objection can be made in the appellate court, which was not made in the primary court.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by John F. Yeind, to recover two hundred dollars damages for lands which had been taken by the Mobile Bay Road Company, (a corporation chartered by the legislature of this State,) in opening a road. Pending the suit, the parties agreed in writing to submit the matters in controversy between them to arbitration, and that the award of the arbitrators should be entered up as the judgment of the court; and the cause was, by an order of court, referred to the arbitrators named in the agreement. It was stipulated in the agreement, that the arbitrators "shall view lands over which said street was opened, and shall hear such testimony as may be submitted to them by either of said parties, on a day to be set by said arbitrators; and, after so viewing said land, and hearing such testimony, on said day, they shall make an award," &c. The arbitrators awarded that the defendant should pay to the plaintiff two hundred dollars damages, together with the costs of the arbitration, which amounted to seventeen dollars, and returned their award into

court, reciting therein that they were duly sworn ; and the court rendered judgment thereon in accordance with its terms.

From this judgment the defendant appeals, and here assigns as error : 1. That the court had no jurisdiction to order or grant the arbitration. 2. That the agreement to submit to arbitration was void. 3. That the award was void, because no day was set by the arbitrators to hear the cause ; because it does not appear that they visited the premises ; because it does not appear that they were duly sworn ; because the defendant had no notice of their time and place of meeting to hear said matters, and had no opportunity to appear and represent his case ; because the defendant had no notice or copy of the award before it was returned to court, and because the return was made too soon. 4. That the court erred in rendering judgment on the award.

JNO. T. TAYLOR, for the appellant.

CHAMBERLAIN & ROBINSON, *contra.*

RICE, C. J.—The adjustment of suits and controversies by arbitration has uniformly been much favored by legislation, as well as by the common law as understood in this State.— Tankersley v. Richardson, 2 Stew. Rep. 130 ; Wright v. Bolton, 8 Ala. R. 548 ; Code, § 2709. When the parties to a suit, pending in the circuit court, agree in writing, that the matter in controversy shall be submitted to the decision of arbitrators, chosen and named by them, and that the award shall be entered as the judgment of the court ; and the court thereupon refers the matter in controversy to these arbitrators, and the award is returned into court by them, and clearly decides the matter in controversy in favor of one party, and against the other, and shows on its face that the arbitrators were duly sworn, it is not erroneous, on such return of the award, to enter up judgment on it, and in accordance with its terms.

As the agreement by which the parties submitted the cause to the decision of the arbitrators, and procured the order of reference by the court, did not require or stipulate that notice of the award should be given to the parties ; and as the reference was made of a suit actually pending in court, of

the proceedings in which the law required the parties to take notice at their peril, the judgment on the award cannot be reversed, merely because the record does not affirmatively show that actual notice of the award was given to the parties. In such case, we incline to think no actual notice was necessary.—Douglass v. Howland, 24 Wend. R. 35. But, if it were necessary, we should be bound to presume, to support the judgment, that it had been given, as such presumption is not inconsistent with anything appearing in the record.— Tankersley v. Richardson, *supra;* Reynolds v. Reynolds, 15 Ala. R. 398 ; Price v. Kirby, 1 Ala. R. 184 ; Gibbs v. Berry, 13 Iredell, 388 ; Devereux v. Burgwin, 11 *ib.* 490 ; Anders v. Anders, 9 *ib.* 214.

To such an award, in such a case, no objection can be made in this court, which was not made in the court below.—Price v. Kirby, *supra;* Wright v. Bolton, *supra.*

No objection having been made in the court below to the award, the foregoing views compel us to affirm the judgment.