## DAVIS *vs.* FORSHEE.

[ACTION ON OPEN ACCOUNT—ARBITRATION AND AWARD.]

1. *Voluntary nonsuit on award.*—When a pending suit has been submitted to arbitration, and an award has been rendered by the arbitrators, conforming substantially with the provisions of the Code, (§§ 2709-21,) the plaintiff cannot prevent the award from being entered up as the judgment of the court by taking a voluntary nonsuit.

2. *Competency of arbitrators.*—There is no prohibition, statutory or otherwise, in this State, against a person who is related to either of the parties to a pending suit within the fourth degree of consanguinity or affinity acting as arbitrator between them ; and the fact that, by the terms of the submission, the arbitrators are to be chosen by the clerk of the court, does not affect the principle.

3. *Validity of award.*—An award, rendered under a submission to arbitration of the matters in controversy in a pending suit, cannot be set aside on account of the relationship of one of the arbitrators to one of the parties, nor because the arbitrators allowed an illegal rate of interest in the computation of accounts.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brough by Underhill E. Davis, against Joseph Forshee. The complaint contained all the common money counts, the amount claimed by the plaintiff being $1300. The defendant pleaded *non assumpsit*, payment and set-off. At the spring term, 1858, the matters in controversy were submitted to arbitration ; the entry on the minutes of the court being as follows : "By consent of the parties, this cause is submitted to arbitration ; E. H. Muse, the clerk of the court, to select the arbitrators, five in number ; the reference to be had at this place, and the award of the arbitrators to be made the judgment of the court in this cause at next term ; and cause continued." The award of the arbitrators was filed in the clerk's office on the 4th June, 1858, and was in these words : "We," [naming the arbitrators,] "to whom were submitted the matters in controversy existing between Underhill E. Davis and Joseph Forshee, after

having been duly sworn according to law, and having heard the proofs and allegations of the parties, and having examined the matters in controversy to us submitted, do make the following award: We find in favor of the defendant, and award to him the sum of $411 91; and we further award, that each party pay his own witnesses, and that each party pay one-half of the fees of the referees. Given under our hands and seals, this 4th June, 1858." At the fall term, 1858, the defendant moved to have this award entered up as the judgment of the court. To this the plaintiff objected, and asked leave to take a nonsuit; having filed three pleas to the award, alleging that it ought not to be entered up as the judgment of the court, because (1st) one of the arbitrators was related to the defendant within the fourth degree of consanguinity, and because (2dly) the arbitrators, in making their award, had calculated interest against him at the rate of sixteen per cent. *per annum.* The court sustained a demurrer to the pleas, refused to let the plaintiff take a nonsuit, and entered judgment on the award for the defendant; to which rulings of the court the plaintiff excepted, and which he now assigns as error.

BROCK & BARNES, for appellant.

RICHARDS & FALKNER, *contra.*

STONE, J.—While a suit, in its ordinary form, is pending in the circuit court, the plaintiff may, at any time before verdict rendered, submit to a voluntary nonsuit. When, however, the parties to a suit refer the settlement of the controversy to arbitrators, and such arbitrators make and return to the court their award, in conformity with the provisions of the Code, (pages 494–5,) a different rule prevails. An award made under these circumstances, if it comply substantially with the provisions of the statute, " must be entered up as the judgment of the proper court." A plaintiff, in such case, is not authorized to take a nonsuit.

[2.] Although section 560 of the Code declares, that " no judge, chancellor, county commissioner or justice of

the peace, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity;" we have no statute which declares any such disability in the matter of arbitration. A material reason on which the rule stated above rests, does not apply to arbitrators. Parties may be drawn against their consent before judges, chancellors, county commissioners and justices of the peace; and usually they have little or no choice in the matter. These are officers appointed by the law, and suitors must submit to their orders. Arbitration, in this State, is never compulsory. Parties voluntarily elect this mode of adjustment, and appoint their own arbitrators. We know no reason why persons related to suitors within the fourth degree, may not, if chosen, act as arbitrators, and make a binding award. *Volenti non fit injuria.*

The fact that in this case the arbitrators were named and chosen by the clerk of the court, cannot alter the principle. This power was expressly conferred on him by the terms of the submission; he acted as the agreed agent of both of the parties; and we must presume, in the absence of evidence to the contrary, that the persons selected were satisfactory to the parties litigant. The maxim applies, *qui facit per alium, facit per se.*

In the two points we have been considering, we think it would lead to monstrous results, if parties could submit their controversies to arbitration—speculate on the chances of success, and, after ascertaining that the award was adverse to their wishes, then relieve themselves of its consequences, by either suffering a nonsuit, or raising the objection that one of the arbitrators who sat in the cause was related to the adverse party within the fourth degree of consanguinity or affinity.—See Heydenfeldt v. Towns, 27 Ala. 423.

[3.] Section 2721 of the Code declares, that awards, made substantially in compliance with the provisions of the statute, are final, *unless the arbitrators are guilty of fraud, partiality or corruption in making it.* The objections urged why the award in this case should not be made the judgment of the court, did not impute *fraud, corruption*

*or partiality* to the arbitrators; and those objections were rightly overruled.—King v. Jemison, at the present term, (33 Ala. Rep. 499.)

The judgment of the circuit court is affirmed.