## ELROD vs. SIMMONS.

[BILL IN EQUITY FOR ACCOUNT.]

1. *Judgment on award; presumption in favor of judgment.*—When a pending chancery suit is submitted to arbitration, and the record shows that the award was read to the court, and that a decree was thereon rendered, but the submission and award are not set out, the appellate court will presume that the decree was authorized by the proceedings under the arbitration.

2. *Sufficiency of award.*—The award in this case, which was founded on a submission of the matters in controversy in a pending suit, was held valid and sufficient under the statute, (Code, §§ 2712, 2716,) on the authority of the cases of *Crook v. Chambers,* (ante p. 239,) *King v. Jemison,* (33 Ala. Rep. 499,) and *Tuskaloosa Bridge Company v. Jemison.* (33 Ala. Rep. 476.)

3. *Conclusiveness of statutory award.*—An award which is in substantial compliance with the requisitions of the statute, and which is on its face unobjectionable, can only be impeached by proof of fraud, corruption, or partiality, on the part of the arbitrators, (Code, § 2721,) and cannot be set aside on proof of a mere error of judgment on their part, or other evidence showing that it is unjust.

Elrod v. Simmons.

4. *Judgment on award without supplemental bill.*—When the matters in controversy in a pending chancery suit are submitted to arbitration, and the award is in substantial compliance with the requisitions of the statute, a decree may be entered pursuant to its terms, without a supplemental bill or other formal pleadings.

APPEAL from the Chancery Court at Talladega.
Heard before the Hon. JOHN FOSTER.

THE original bill in this case was filed, on the 7th February, 1857, by Mrs. Angeline Simmons, suing by her next friend and husband, James W. Simmons, against George Elrod, who was her father; and sought an account of the defendant's acts, as agent for the complainant, in the transaction of business relating to the estate of Edward Henry, deceased, who was the complainant's former husband, and of whose estate she was the administratrix. The defendant demurred to the bill, but his demurrer was overruled; and he then filed an answer, which he prayed might also be taken as a cross-bill, and in which he claimed that, on a settlement of all their accounts, a balance would be found in his favor. The complainant filed an answer to the cross-bill, and afterwards, at the January term, 1858, as the minute-entry states, the cause was continued, "being referred to arbitrators." The submission to arbitration, as set out in the record, states and describes the case, and several other cases pending in the circuit court between the parties; and then proceeds as follows:

"Whereas, the parties to the above-named causes are desirous of compromising all matters of difference between them in the cases stated on the other side of this page, and also all other claims and demands for and against each other in every shape and form, whether on bonds, judgments, notes, accounts, or damages; and whereas, the parties have agreed to submit said causes, and all other matters as above stated, to arbitrators, and, to that end, have agreed that John J. Woodward, attorney and solicitor for James W. Simmons and Angeline Simmons, and Lewis E. Parsons, attorney and solicitor for George Elrod, may name three men, if they can mutually agree on them; or, in case they can not agree, that said Woodward and Parsons may

each name one, and the two so named may choose a third, and the persons named and appointed in either of the above ways shall be *endowed* (?) in this paper, and they shall be, and they are hereby, empowered to hear, at such convenient time and place as they may appoint, such evidence as the parties may legally offer them, and make their award in writing; and their award shall be final and conclusive between the parties. And each party promises the other to abide by and perform in good faith the decision and award which may be made by the persons so named as arbitrators; and each party promises to pay the other one thousand dollars, on failure to abide by and perform each and every stipulation contained in this agreement. In witness whereof, the said James W. Simmons and Angeline Simmons, parties of the first, and George Elrod, party of the second part, have hereunto set our hands and seals, this 27th November, 1857."

(Signed by all the parties named, and their seals affixed.)

At the foot of the submission, as copied in the record, is a memorandum signed by said Woodward and Parsons, appointing Hugh G. Barclay, Robert Douglass, and P. D. Simmons, "to act as arbitrators in the foregoing matters." The proceedings had before the arbitrators are next copied in the transcript, showing that they first met on the 12th June, 1858, and, after several continuances, rendered their final award on the 10th August, 1858; the names of the arbitrators being signed to the minutes of each meeting, and to the award. The material portions of these proceedings are as follows:

"We, the above-named arbitrators, have appointed Wednesday, the 23d instant, and the court-house in the town of Talladega, as the time and place for hearing and considering the matters mentioned in the above agreement, and making our award in the premises; which is to be continued from day to day till disposed of; of all which the parties have had the notice required by law."

"Talladega, Alabama, June 23d, A. D. 1858. We, H. G. Barclay, Robert Douglass, and P. D. Simmons, as arbitrators chosen by George Elrod and James W. Simmons and his wife, Angeline Simmons, and their attorneys, to hear and

determine matters of dispute now pending as suits in the circuit and chancery courts in Talladega county, Alabama, met at the above-stated time and place, according to our own appointment and the agreement of the parties; and, after being duly qualified as the statute in such cases directs, by taking upon ourselves an oath, administered to each other, that we would hear and impartially determine the matters submitted to us, according to the evidence and the manifest justice and evidence of the case, to the best of our judgment, without favor or affection; the case being called, the parties, by their attorneys, appeared; and on application of James W. and Angeline Simmons it was continued, and we adjourned to meet again on the 27th day of July next."

"We, the undersigned, arbitrators, to whom was referred the case of James W. Simmons *vs.* George Elrod, pending in the circuit court, for abduction and harboring the plaintiff's wife; the case of James W. Simmons *vs.* Gorge Elrod, pending in the circuit court, for the detention of certain negroes, &c.; the case of Angeline Simmons, by her next friend James W. Simmons, pending in the chancery court, for account, and on cross-bill by Elrod in same case; the two cases of George Elrod *vs.* James W. and Angeline Simmons and Angeline Simmons, pending in the circuit court, by motion for money paid by Elrod as security of the Simmons's; and the case of George Elrod *vs.* James W. Simmons, pending in the circuit court, by appeal from justice's court, for oats; also all other claims and demands between said parties, in every shape and form,—having had the said several causes under consideration, after hearing the proof and argument thereon, we render the following award: 1st. In the case of James W. Simmons *vs.* George Elrod, for abduction, we award *five* dollars damages in favor of the plaintiff *vs.* defendant Elrod, and the costs, which we have settled upon and allowed, as shown by exhibits marked A and B in the cause, and such other costs in the case as the clerk may find not to have been taxed; all which costs is also adjudged against the defendant Elrod. 2d. In the case of James W. Simmons *vs.* George Elrod, for detention of slaves, &c., we award judgment in favor of the defendant,

and that plaintiff pay the cost allowed by us in this case, as shown by exhibits marked C and D, and such other costs as may not have been taxed, to be taxed by the clerk. 3d. In the case of James W. and Angeline Simmons *vs.* George Elrod, in the chancery court, and Elrod *vs.* said Simmons, on cross-bill in said court, and the two cases in the circuit court in favor of Elrod *vs.* the said Simmons's, pending by motion for money paid by Elrod as security for James W. and Angeline Simmons and Angeline Simmons, have been consolidated by us, and treated as one case in the award which we make, viz. : We award Angeline Simmons judgment against George Elrod, for the sum of *three hundred and sixteen* 18-100 dollars, together with the sum of thirty-three dollars and five cents costs in the chancery suits, *and one hundred and thirty-three* 65-100 dollars costs in one of the motion cases, as shown by exhibit E, and six and 70-100 dollars costs in the other motion case, as shown by exhibit F, and twenty-three and 85-100 dollars costs which has accrued before us as arbitrators in the said chancery and motion cases, as shown by exhibit G, together with such other and further costs, to be taxed by the respective clerks of said courts in said several causes, which have not been taxed. 4th. In the case of George Elrod *vs.* James W. Simmons, pending by appeal in the circuit court, we award judgment in favor of Elrod, against said Simmons, for *one* dollar, together with the costs, $25 20, accrued in said circuit court, and $34 90 costs, accrued before us in this case, as shown by exhibits marked H and I. The several exhibits above referred to are part of this award, to show the interests therein charged. We find the costs of arbitration in the several foregoing causes, in addition to what has heretofore been allowed and settled upon, is the sum of sixty-five dollars, as shown by exhibit K, and of this costs we award that each party pay one-half ; James W. and Angeline Simmons constituting one party, and George Elrod the other party. We further award, that if Elrod shall pay the whole of this last mentioned cost, he shall have credit for thirty-two 50-100 dollars on the amount due by him to said Simmons and wife, as found by this award. If the said James W. and Angeline Simmons shall pay the

whole amount of this latter mentioned cost, then judgment against said Elrod shall be increased against him to the amount of thirty-two 50-100 dollars. All which is respectfully submitted for the action of the Talladega chancery and circuit courts. August 10 1858."

At the foot of the award is a memorandum, signed by the attorneys of both the parties, and dated the 10th August, 1858, in these words: "We waive copy of this award, and all further notice of the same." The award was filed in the circuit court on the day of its rendition. At the January term, 1860, of the chancery court, as the minute-entry states, "the award of the arbitrators was read, and ordered to lie over one day." The deposition of one Kennedy was taken by the defendant, who testified in reference to some of the items of indebtedness embraced in the arbitration. At the February term, 1861, "leave was given to open the deposition of Kennedy, the testimony was offered, and held for consideration in vacation"; and the chancellor thereupon rendered the following decree: "This cause coming on to be further heard, on the award of the arbitrators made to a former term, it is thereupon ordered, adjudged, and decreed, that the complainant recover of the defendant the sum of three hundred and sixteen 18-100 dollars, and that the defendant pay the sum of thirty-three 05-100 dollars, costs of this suit; for which execution may issue."

The chancellor's decree is now assigned as error, and the appellant also submits a motion to strike from the record all the proceedings connected with the arbitration.

L. E. PARSONS, for appellant.
JOHN HENDERSON, *contra*.

A. J. WALKER, C. J.—A matter of litigation in the chancery court was determined by a decree on the award of arbitrators. The submission and award, together with the minutes of the proceedings before the arbitrators, are copied into the transcript. A motion is made to strike those matters from the record, upon the allegation that they do not belong to the record. If this motion were granted, the appellant who makes it would not be profited;

because the minutes of the court show that the award was read to the court, and that the decree was rendered on it. This being the state of the record, we would be bound to affirm. We must presume, in favor of the decree of the court below, that the submission, proceedings before the arbitrators, and award, were such as to authorize the decree. The point is so decided in *Mobile Bay Road v. Yeind*, 29 Ala. 325.

2. If we look to the copies of the papers connected with the arbitration found in the transcript, the case will be no better for the appellant. We find in those papers nothing which vitiates the award; and it is unquestionably, upon the face of the papers, a good statutory award.—*Crook v. Chambers*, at the present term; *King v. Jemison*, 33 Ala. 499; *Tuskaloosa Bridge Company v. Jemison*, 33 Ala. 476.

3. Being a statutory award, it is final, and cannot be impeached, "unless the arbitrators [were] guilty of fraud, partiality, or corruption."—Code, § 1721; *Davis v. Forshee*, 34 Ala. 107; *Young v. Leaird*, 30 Ala. 371; *King v. Jemison*, *supra*; *Bumpass v. Webb*, 4 Port. 55; *Willingham and Wife v. Harrell*, 36 Ala. 583. We are uninformed as to what evidence was before the arbitrators, and also as to their acts and conduct, except by their award, and the minutes of their proceedings, which are unobjectionable. We could not, therefore, find them guilty of fraud, partiality, or corruption, without indulging an unprecedented and baseless presumption. One witness was examined on the part of the appellant, for the purpose of assailing the award. The utmost tendency of the evidence of that witness was, to show that the judgment of the arbitrators was unjust. A mere error in the decision of the arbitrators, is not a ground for setting aside an award.—*Young v. Leard*, *supra*; *King v. Jemison*, *supra*; *Davis v. Forshee*, *supra*. Allowing, therefore, to the evidence its largest effect, it would be insufficient to justify the setting aside of the award. The court, therefore, did not err in rendering judgment upon it.

4. No formal pleadings are necessary to the rendition of a decree in pursuance of a statutory award; and the decree here is not erroneous, because the award was not brought before the court in a supplemental bill.

The decree is affirmed.