# Edmundson v. Wilson.

*Bill in Equity for Specific Performance of Award.*

1. *Arbitration and award; property in two States.*—Where part of a partnership's property lies in one State, and part in another, it is competent for partners to include all their differences in one submission for an award, whether the transactions out of which they grew arose in the one or the other State, and have them definitely and finally settled. An award under such submission, if legally made, would be binding everywhere. Under such circumstances, the time and place of meeting, whether in one State or the other, is in the discretion of the arbitrators.

2. *Same; matters submitted.*—Where under a submission, general in its terms, the parties appear before the arbitrators, and submit proof as to the matters wherein they differ, and an award is made thereon, such proceedings render the submission certain and definite as to the matters submitted.

[Edmundson v. Wilson.]

3. *Same; impeachment.*—An award, when legally made under the provisions of the Code, section 3222, is the judgment of a court constituted by the parties themselves, and cannot be impeached except for such reasons as are specified in the statute; and like judgments of other courts, all reasonable presumptions are to be made in its favor, and it will be liberally construed.

4. *Same; parties bound thereby.*—Where the submission for an award is made by three parties, but the real issues are between two of them only, and these two alone appear before the arbitrators and submit their differences, and no decision is made as to the rights of the one who failed to appear, the award, if fairly made, will be binding upon the two parties who appeared.

5. *Same; expiration of authority of arbitrator.*—When an arbitrator or referee has made his award or report as a completed instrument, he has exhausted his authority, his power is at an end, and he is *functus officio.*

6. *Same; real estate in foreign state.*—The fact that the subject matter of a submission for an award made in this State is land situated in another State, does not render the arbitrators incompetent to pass thereon, or prevent the courts of this State from enforcing the award as to the same.

APPEAL from Limestone Chancery court.

Heard before Hon. THOMAS COBBS.

This bill was filed by the appellee, Thomas P. Wilson, against the appellant, Ezra L. Edmundson, and sought the specific performance of an award made by arbitrators under a submission made between the parties to the suit. All facts necessary to the understanding of the opinion, are set out therein. Upon hearing, the chancellor decreed that the complainant was entitled to relief, from which decree the defendant appealed.

T. M. N. JONES and W. T. SANDERS, for appellant.— 1. The award of August 10th being had in Tennessee, must be in accord with the law of that State. It was not made according to that law. Code Tenn., § 3446. 2. The actions of the arbitrators, and signing of a subsequent award, evidenced the fact that they did not consider the first award final. 3. The award of August 10th is void for two reasons—first, because it embraced matters not included in the submission, and second, it did not cover the submission of the matters in which Eubanks was interested. He had no notice of the hearing. *Gouch v. McKnight*, 10 Hun. (Ten.) 228;

4 *Ib.* 151. 4. The court had no jurisdiction to order a sale of the land situated in Tennessee.

R. A. McClellan *contra.*—1. After making the award of August 10th the arbitrators were *functus officio*, and any subsequent act by them was void, and the award must stand in the absence of fraud, corruption or misconduct.—1 Brick Dig. 117; 3 Brick Dig. 46, 47; 23 Am. St. Rep. 186; 37 Am. Dec. 680; 6 A. & E. Enc. L. 689; 60 Ala. 153; 90 Ala. 140; 51 Ala. 425. 2. On the award set up by appellant, the arbitrators did not sit together, and appellee had no notice of any hearing.—82 Ala. 568; 1 A. & E. Enc. L. 683-685; 90 Ala. 140; 1 Wal. 97; 6 Waite Ac. & Def. 530.

HARALSON, J.—The agreement to arbitrate related to the settlement of partnership transactions between the appellant and the appellee, carried on partly in Alabama and partly in Tennessee, the appellee being a resident of Alabama, and the appellant, of Tennessee. The submission was of matters in dispute, not involved in any pending litigation, settlement of which is provided for by arbitration under section 3222 of the Code; and the submission was entered into in writing duly signed by the parties in interest, fully in accordance with said section of the Code. The business of the partnership was carried on as stated, a part of the partnership property being at the time in each state. It was competent for the parties to include all their differences in one submission, whether the transactions out of which they grew arose in the one or the other State, and have them definitely and finally settled between them. An award under a submission of the kind, if legally made, would be binding everywhere between the parties, as to the matters submitted for settlement. When made in conformity to the laws of this State, it would certainly conclude them here. The chancery court had authority over the subject matter involved, and it had jurisdiction of the person of the appellant, defendant below, by personal service on him, and there was no jurisdictional obstacle intervening to prevent an adjudication of the matters the bill was filed to settle. The time and place of meeting of the arbitrators, whether in the one State or the other, under the circumstances of this case, was

[Edmundson v. Wilson.]

within their discretion. There is no pretense of an abuse of their discretion in this regard, and no objection was raised as to the conveniences of time or place. The parties appeared, and the fact that the sitting occurred at the store house in which a part of the partnership transactions had been carried on, just across the State line, in Tennessee, did not have the effect to vitiate the award rendered, as an Alabama award.—Morse A. & A. 115, 116.

The submission was general, its language being, "to take the books and accounts and all unsettled accounts and outstanding debts of whatever nature between said Edmundson and Wilson, and also Edmundson, Eubanks & Wilson, and make a just and equitable settlement of the same after being duly sworn, and we, each of us, bind ourselves our heirs and assigns forever, to stand to and abide by the decision rendered by the said arbitrators, be what that may." The parties, as is shown, under this submission, appeared and submitted and offered proof touching all their partnership transactions,—their books, accounts, notes, choses in action, and the real estate owned and held by them or either of them, as belonging to the partnership, and as to which their disputes related,—and the award was made in reference to and in settlement of all such matters. Such proceedings rendered the submission certain and definite as to the matters submitted, and to them the award must be referred.—*Brewer v. Baine*, 60 Ala. 159 ; *Yateman v. Mattison*, 59 Ala. 382; Morse on A. & A. 53.

Now, the Code provides, that an award made in substantial compliance with its provisions, is conclusive between the parties thereto and their privies, as to the matters submitted, and cannot be inquired into or impeached for want of form or irregularity, if the award determines the matter or controversy submitted ; and such award is final, unless the arbitrators were guilty of fraud, partiality, or corruption in making it.—Code, § 3232. The statutory provision as to the conclusiveness of awards, is but declaratory of the common law rule on the subject.—*Chambers v. Crook*, 42 Ala. 171 ; *Elrod v. Simmons*, 40 Ala. 274 ; *Davis·v. Forshee*, 34 Ala. 107 ; *Wright v. Bolton*, 8 Ala. 548 ; *Bumpass v. Webb*, 4 Port. 65. The award when legally made is the judgment of a court constituted by the parties themselves

[Edmundson v. Wilson.]

and cannot be impeached except for reasons such as are specified in the statute ; and, like judgments of other courts, all reasonable presumptions are to be made in its favor. The decisions of arbitrators are to be liberally construed, and every reasonable intendment is made to support them.—*Wolf v. Shelton*, 51 Ala. 425 ; *Burns v. Hendrix*, 54 Ala. 78 ; 1 A. & E. E. of law, 696.

The submission was signed by Edmundson and Eubanks, as well as by Edmundson and Wilson, and they are referred to in the submission as parties to it. But, the real issues were between Edmundson and Wilson, and the award was rendered touching matters in controversy between them, and not as to any matter, so far as appears, between Edmudson and Eubank, as a firm, and Wilson. No right or interest of Eubank was brought forward, and no decision was made as to any right of his. He did not participate in the trial, and is not concluded thereby. The rights of the parties to this suit may have been concluded, and were, by the award if fairly and finally made, without reference to Eubank. —Morse on A. & A. 522 ; A. & E. Ency. of Law, 714.

It is contended on each side, that a final award was made by the arbitrators,—by Wilson, that the one signed by the arbitrators on the 10th of August, 1891, sought to be enforced by this suit, was the real and final award in the premises, and the defendant insisting, that it was not, but that the one purporting to have been rendered by said arbitrators on the 19th August, 1891, was the only award which was properly rendered, and, therefore, the chancery court was without authority to enforce the specific performance of the one insisted on by the appellee in the bill.

The proofs submitted by the defendant below, fall far short of sustaining his contention. That an award was agreed on, put in writing and signed and delivered by the arbitrators, on the 10th of August, 1891, is clear. The paper writing itself attests that fact. On its face, it purports to be final, and must be so treated, in the absence of evidence legally sufficient for its setting aside. It is said that the arbitrators, in rendering that award, agreed to meet again, to correct any errors which the parties might find in it. If such had been the case, it would not have been final.—*McCrary v. Harrison*, 36 Ala. 577. But no such reservation

was made in the instrument purporting to be final,—where it ought to have appeared, if made at all;—and it is well settled, then when an arbitrator or referee has made his award or report as a completed instrument, he has exhausted his authority, his power is at an end, and he is *functus officio.*—Morse on A. & A. 226 ; 1 A. & E. Ency Law, 689. The proof taken to show that such a reservation was made, if competent to be considered, fails to establish it. It is certain, the arbitrators as such, after their adjournment on the 10th of August, 1891, never appointed a time and place for a subsequent meeting. It is abundantly established, that the paper, purporting to be signed by them, as an award, on the 19th of August, was signed separately by them ; that Brown, one of the arbitrators was absent in Texas, at that date, and did not return for some considerable time thereafter, and that he affixed his name thereto after his return ; that another one of them, Vaughan, signed it, protesting with the remaining arbitrator, Hardy, that it was illegal and unavailing to do so, since a final award had already been made in the premises, and he signed it,—very improperly,—to gratify Hardy, without admitting or believing there was any error in the previous award. It sufficiently appears also, that the appellee had no notice or information of any such proceeding on their part. It needs no argument to show, that this paper is wanting in the essentials of an award. A bill filed for its enforcement, on the evidence here offered to support it, would fail for lack of sufficient proof. On the other hand, the chancellor, upon the facts submitted, sustained the award of the 10th of August, as having been properly and finally rendered. We have carefully examined the evidence, and without taking the unnecessary trouble to review it, fully concur in, and approve his finding thereon.

The award as to the realty belonging to the partnership was clearly within the submission. Evidence was offered by the parties as to the realty, and they each treated it as within the submission. The fact itself that the storehouse was situated in Tennessee did not render the arbitrators incompetent to pass upon the respective rights of the parties therein, nor did it prevent the court from enforcing the award as to the same.—Morse on A. & A 193, 194; *Penn v. Lord Baltimore,* 1 Vesey Sen. 444.

In the concluding part of the 5th paragraph of the. decree, referring to the uncollected accounts on the books of Edmundson & Wilson, on the 10th of August, 1891,—the date of the award,—is found the order, "If any of them has since been collected by the defendant, he is ordered to pay the amounts so collected, to the complainant, together with the interest thereon from the date of their collection." We apprehend that the order, as contained in the words quoted, went too far, and we will here correct the decree by striking them out ; and as thus corrected, the decree will be affirmed.

Corrected and affirmed.