# Jennings v. Pearce.

### Attachment and Garnishment.

1.  *Assignment of cause of action in pending suit.*—The plaintiff in a pending suit. having assigned the cause of action, or an interest therein, may afterwards dismiss the suit, unless the assignee offers to indemnify him against the costs which might be incurred by its further prosecution.

2.  *When appeal lies, or mandamus.*—When a suit is properly dismissed at the instance of the plaintiff on the record, the remedy of a person injured thereby is by writ of *mandamus*, and an appeal does not lie.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

(Statement of facts by HARALSON J.)

"Thomas W. Jennings, on the 21st of September, 1891, sued out an attachment against Henry W. Pearce, a non-resident, returnable to the City Court of Montgomery. The writ, coming to the hands of the sheriff, was levied by him, by summoning H. C. Chandler, who had in his possession a lot of mules and other personal property said to be the defendant's, to answer as garnishee. The said Chandler, appearing as garnishee, answered, admitting the possession of said property so levied on, but stated in his answer, that one Hollis Pearce claimed it as belonging to him. A notice was issued, under the statute, to said Hollis Pearce, to come in and propound his claim, which he did. Meantime, and before any action on the answer of the garnishee, or the claim of the property in his hands set up by said Hollis Pearce, the plaintiff took judgment against said non-resident defendant, Henry Pearce, upon proof of publication to him, for the amount of the debt, and interest, that the attachment was sued out to recover.

"A motion was made in the court by the plaintiff, to sell the property in the hands of the garnishee, and have the proceeds held, on the ground that the property was perishable and liable to waste and destruction in being held. This motion was resisted and overruled. Finally, the plaintiff, on the 11th of August, 1892, gave to one Hal. T. Walker a power of attorney, empowering him to appear in said City Court, and dismiss said garnishment proceedings, instituted in plaintiff's name against said Chandler; and

said Walker, on the 22d of September, appeared in court, and, producing and exhibiting his power of attorney authorizing him to do so, made a motion in said cause to dismiss said suit out of court; which motion, Messrs. Richardson & Reese, the attorneys who had brought, and theretofore conducted said suit for plaintiff, and S. G. Pruett, resisted, on the ground that plaintiff had, on the 11th of August, 1892, assigned to said Richardson & Reese an interest in said debt against the defendant in attachment, for the payment of the fees for services rendered by them to him in said cause, and also on August 9, 1892, by assignment to said Pruett for a valuable consideration of the remainder of the interest of plaintiff in said suit and garnishment process against said Chandler, after the indebtedness to said Richardson & Reese for fees had been paid. These written assignments were produced and read to the court. Upon consideration, on the 23d of September, 1890, the court granted said motion to dismiss said garnishment suit; and said Richardson & Reese and Pruett excepted to the rulings of the court, and prosecute this appeal.

RICHARDSON & REESE, for appellants, cited *Chisolm v. Newton*, 1 Ala. 371; *Ware v. Russell*, 70 Ala. 174; *Welch v. Manderville*, 1 Wheaton, * 233; *Lumpkin v. Phillips*, 9 Porter, 98; *Goodwyn v. Lloyd*, 8 Porter, 257; *Holloway v. Lowe*, 7 Porter, 988; *McCullam v. Coxe*, 1 Dallas, 139; *Wheeler v. Wheeler*, 9 Cowen, 34; *Field v. Oxloy*, 2 Dallas, 171; *Brown v. Foster*, 4 Ala. 285; *Vicars v. Mooney*, 6 Ala. 97; *Skinner v. Somes*, 14 Mass. 107; *Jessel v. Insurance Co.*, 3 Hill, N. Y. 88; 1 Amer. & Eng. Encyc. Law, 844, n. 3.

ARRINGTON & GRAHAM, *contra*.

HARALSON, J.—There are many assignments of error which lie beyond the dismissal of the garnishment suit against H. C. Chandler, as debtor to Henry Pearce, the defendant in attachment. These are based on rulings connected with the garnishment proceeding, and it will be unnecessary to consider them, since, according to the view we take of the case, they disappear, with the errors assigned for the dismissal of that suit.

This appeal, let it be noticed, is not prosecuted by either of the parties to the original attachment suit, nor by either party to the garnishment proceeding, but by Messrs. Richardson & Reese and S. G. Pruett, who are strangers to the record, but who claim to be the owners of plaintiff's cause of action, and to have the right to prosecute it.

[Jennings v. Pearce.]

It may be stated generally, as a well settled principle, that a plaintiff has the absolute right, at common law, to discontinue his suit, before or after issue joined, and without the leave of the court.—1 Am. & Eng. Encyc. of Law, 184; Hawes on Parties to Actions, § 2. In *White v. Nance*, 16 Ala. 345, it was held, that a plaintiff in an action of ejectment, or trespass to try titles, may dismiss the suit, whenever he thinks proper. In the opinion rendered, Judge DARGAN said: "It is true, a suit at law may be carried on by one who is beneficially entitled to the money, in the name of him in whom is vested the legal title, and a court of law will protect the rights of him beneficially interested, and will not permit the plaintiff to dismiss the suit, if the party entitled to the proceeds of the recovery will indemnify him against the costs, to which he may be subjected." We adhere to what was there said, as a proper practice in such cases.

We are not informed by the record that Messrs. Richardson & Reese and Pruett offered to indemnify the plaintiff against the costs to which he might be subjected by the further prosecution of the case, and we are to presume they did not. Without such an offer, they had no right to resist the dismissal of the cause by plaintiff, on the grounds set up by them.

There remains another ground, on which the appeal in this case can not be sustained. In *Brazier v. Tarver*, 4 Ala. 569, it is said: "We think it very clear, that when a suit is once dismissed, at the instance of the plaintiff upon the record, the correctness of the proceeding can not be inquired into upon a writ of error; for this course would involve the defendant in a controversy, in which he has taken no part, and in which he has no interest. We do not doubt, that it is the duty of a court to protect the rights and interests of those who are beneficially interested in suits or *choses* in action. Such suitors can and ought to be protected, against the improper interference of the plaintiff on the record, but the only mode to correct erroneous action in this particular is *mandamus*."

The action of the court below, in dismissing said garnishment suit, so far as appears, was without error; and the cause being improperly here on appeal, is dismissed, at the costs of the appellants, as to the appeal, in this, and in the court below.

Dismissed.