DAVID BAUMAN v. CHARLOTTE B. WHITELEY.

A plaintiff has a right to suffer a nonsuit, on his own motion, at any time before the jury have retired to consider of their verdict.

On rule to show cause, the cause having been tried in the Hudson Circuit.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Roderick B. Seymour.*

*Contra, Samuel Kalisch.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The case before the court is thus tersely stated in the brief of the counsel of the plaintiff, viz. :

On the trial of said cause below the plaintiff rested his case ; the attorney of the defendant offered no evidence on his behalf and moved the court to direct a verdict for the defendant.    Thereupon the attorney for the plaintiff announced his intention to submit to a voluntary nonsuit, and desired that the plaintiff be called.    This motion was opposed by the attorney for the defendant, who maintained that the case being closed, the plaintiff could not at that time submit to a nonsuit against the objection of the defendant, and insisted that the court must refuse the application for a nonsuit.

The court refused to allow the plaintiff to submit to a nonsuit and directed a verdict for the defendant.

This judicial action cannot be sustained.    At the stage of the cause in question, the plaintiff had the right to submit to a nonsuit.    The indisputable common-law practice accorded to the plaintiff this privilege at any time before the rendition of the verdict, and such was the invariable course of the law in the courts of this state until the enactment of our statute. Prior to that event the universal practice in all our superior courts was for the clerk of the court, after the jury had returned into court and were ready to render their verdict, and after the name of each juror had been called, to call the name of the plaintiff.    If there was a response from the

plaintiff the verdict was taken, but if the plaintiff remained silent he was nonsuited and the jury was discharged. This procedure prevailed until the year 1862, when the statutory regulation which is now contained in the one hundred and eighty-fifth section of the Practice act was passed, which plainly recognizes the ancient practice and at the same time modifies it. The provision is expressed in these words, viz.: "It shall not be necessary to call the plaintiff when the jury returns to the bar to deliver their verdict, and the plaintiff shall have no right to submit to a nonsuit after the jury have gone from the bar to consider of their verdict." *Rev., p.* 876.

The law gives the plaintiff the right to withdraw his case from the cognizance of the court at any time before the jury have retired to the consideration of their verdict, and the court cannot any more deprive him of this privilege than it can of his right to institute the suit.

Let the rule be made absolute.