[Baldwin v. Roman.]

# Baldwin *v.* Roman.

*Garnishment on Judgment.*

[Decided February 13, 1902.]

1. *Dismissal or non-suit, when may be taken.*—The plaintiff in an action at law has the absolute right, before or after issue joined and at any time before verdict rendered, to dismiss his suit or take a voluntary non-suit; except where the rights of defendant have been so affected or determined by the proceedings that the dismissal would prejudice them: as, for instance, where a verdict has been rendered but not entered; or after an award made; or where set-off has been pleaded to a suit commenced and continued so long by plaintiff that an action on the set-off would be barred by the statute of limitations.

2. *Garnishment proceeding; when non-suit may be taken in.*— Where a garnishee had answered that he was not indebted to defendant, and the plaintiff sought to contest his answer, which right garnishee denied on the ground that the contest was not interposed within the time allowed by law, and this contention was ruled against the garnishee, the plaintiff had the right, before trial of the issue, to take a non-suit, by leave of the court; no right of the garnishee being thereby determined.

APPEAL from Montgomery Circuit Court.

Tried before Hon. J. C. RICHARDSON.

On May 23, 1896, Sigmund Roman sued out a garnishment against A. M. Baldwin upon a judgment previously obtained against the Montgomery Iron Works. On May 18, 1897, the garnishee answered in writing not indebted, and the cause was continued. The original answer having been lost, a substituted answer was filed June 4, 1901. The cause was continued at the November term, 1896. Nothing was done at the May term, 1897, except the filing of said written answer. On December 23, 1897, the garnishee was discharged, but this order was set aside by consent on December 30, 1897. The garnishee then moved for his discharge on his an-

[Baldwin v. Roman.]

swer, and plaintiff moved to require the garnishee to answer orally. The latter motion was denied, and the garnishee was discharged. There was an appeal from this order and the case was reversed (119 Ala. 257). In May, 1898, the case was continued, being still in the Supreme Court. At the November term, 1898, viz.: on December 15, 1898, the garnishee was ordered to answer orally. On January 26, 1899, he moved the court for his discharge because no contest of his answer had been made at the term at which his answer was filed. The motion was overruled and he answered orally. After making the oral answer, the garnishee moved for his discharge, which the court refused. The plaintiff was then granted leave to contest the answer; the contest was filed, and the cause continued against the objection of the garnishee. On May 28, 1900, the plaintiff took a non-suit.

The garnishee appeals (and also seeks the alternative writ of mandamus in case the appeal should be held not to be his proper remedy).

WATTS, TROY & CAFFEY, for appellant, argued that garnishee was entitled to his discharge by the failure of the plaintiff to contest at the proper term, and that this right of discharge was prejudiced by allowing the plaintiff to take a non-suit, and by a new garnishment proceeding regain all he had lost by his negligence in failing to contest, citing *Roman v. Baldwin*, 119 Ala. 257; *Roman v. Dimmick*, 123 Ala. 366; *Baldwin v. Dimmick*, 28 So. Rep. 40; *Davis v. Forshee*, 34 Ala. 108; *Coxc v. Downs*, 9 Rob. (La.) 133; *Whittemore v. Watts*, 7 Rob. (La.) 10; *Chicago & A. R. R. Co. v. Rolling Mill Co.*, 109 U. S. 715; *Livermore v. Bredell*, 6 Haw. B. (N. Y.) 309; *Wyatt v. Smeet*, 48 Mich. 541; *Steiner v. First National Bank*, 115 Ala. 379.

GUNTER & GUNTER, for appellee. No brief came to the hands of the Reporter.

HARALSON, J.—It is well settled, that while a suit in its ordinary form is pending in a court of law, the

plaintiff has, subject to certain exceptions, the absolute right, before or after issue joined and at any time before verdict rendered, to dismiss his suit or take a voluntary non-suit.—*Davis v. Forshee,* 34 Ala. 108; *Jennings v. Pearce,* 99 Ala. 305; 6 Ency. Pl. & Pr., 833, 843; 1 Am. & Eng. Ency. Law (1st ed.), 184; Hawes on Parties to Actions, § 2.

This rule seems to be of universal application, except where by the proceedings, or by decree, whether final or interlocutory, the rights of a defendant have been so affected, or determined, as that the dismissal would prejudice them; as for instance, where a verdict has been rendered but not entered; or after an award made; or where set-off has been pleaded to a suit commenced and continued so long by plaintiff, that the statute of limitations has effected a bar to the action on the set-off, etc.—Authorities, *supra; Chicago & A. R. Co. v. Rolling Mill Co.,* 109 U. S. 715; *Allen v. Schermerhorn,* 14 How. Pr. (N. Y.) 287.

No rights of the garnishee in this case seem to have been determined by the court. He answered that he was not indebted to the defendant; the plaintiff sought to contest his answer, which right was denied by him on the ground that the contest was not interposed at a term of the court when the contest was allowable, which contention was ruled against him by the court, and before any trial of the issue, the plaintiff, by leave of the court, took a non-suit. In this proceeding, so far as any right of the garnishee is concerned, he stands now, as to his legal rights, where he stood before he was garnished. The fact that he may be subjected to another suit in garnishment by the plaintiff is no more than any other defendant is liable to after a non-suit has been taken by the plaintiff in an action against him. There being no error in this respect, the other errors which are assigned on the record cannot be considered.

Affirmed.