JOSEPH DOBKIN v. CHRISTEL DITTMERS.

Submitted March 20, 1908—Decided June 8, 1908.

The right of a plaintiff to submit to a voluntary nonsuit is terminated by the direction of a verdict in favor of the defendant.

Case certified from the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

(Brief for the plaintiff filed by *L. Edward Herman,* attorney.)

For the defendant, *James A. Gordon.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. At the close of the trial of this cause, at the Hudson Circuit, counsel for the defendant moved for the direction of a verdict in favor of his client, and the court after hearing argument for and against the motion, instructed the jury to render a verdict for the defendant. Thereupon the attorney for the plaintiff announced his intention to submit to a voluntary nonsuit and moved

that the plaintiff be called. On this state of facts the Circuit
Court has certified to us for our opinion the following ques-
tion: Can the court (under the facts stated) legally deny the
motion for a nonsuit, or is the plaintiff entitled to have the
nonsuit allowed as a matter of right?

The common law right of a plaintiff to submit to a volun-
tary nonsuit at any time before the actual rendition of the
verdict has been contracted by the one hundred and sixtieth
section of our Practice act (*Pamph. L.* 1903, *p.* 580), which
provides that "the plaintiff shall have no right to submit to
a nonsuit after the jury have gone from the bar to consider
their verdict." On the facts submitted in the present case
the situation is the same, in contemplation of law, as if the
jury, after receiving the charge of the court, had conferred
together without leaving the box and announced to the court
that they had agreed upon their verdict. The jury have
"gone from the bar," within the meaning of that phrase in
the statute, when they have actually entered upon the con-
sideration of their verdict, whether such action takes place
within the precincts of the court room or in some other place
provided for their use. Under the practice prevailing at com-
mon law the plaintiff was enabled to take advantage of
knowledge acquired by him as to the result of the delibera-
tion of the jury by permitting them to render their verdict
in case it was in his favor and preventing them from doing
so in case it was adverse to him. Undoubtedly one of the
purposes of the legislature in the curtailing of this power
was to prevent a plaintiff from depriving a defendant of the
benefit of a verdict which had been found in his favor. To
hold that he may still do so, unless the members actually
walk out of the presence of the court before agreeing upon
their verdict, is to emasculate the statute. The present case
differs radically from *Bauman* v. *Whiteley,* 28 *Vroom* 487,
and *Greenfield* v. *Cary,* 41 *Id.* 613, which are cited in
support of plaintiff's contention that his application should
prevail. In each of those cases the application of the plaint-
iff for leave to submit to a voluntary nonsuit came im-
mediately after a motion by the defendant for the direction

of a verdict in his favor and before the latter motion had been determined by the court. The cases had not yet been given to the jury, and the application of the plaintiff was therefore clearly within the statutory limit. In the present case, however, the matters in controversy had been submitted to the jury; they had been instructed by the court as to what their action must be under the facts proved; in theory of law they had agreed upon their verdict and had returned to the bar to render it.

The Circuit Court is advised that the application of the plaintiff for leave to submit to a voluntary nonsuit came too late and should be denied.