# Darden *v.* Holloway.

### *Assumpsit.*

(Decided June 30, 1911. 56 South. 32.)

1. *Dismissal and Non Suit.*—A plaintiff as a rule has a right at any time before verdict to take a non suit where defendant has not pleaded any set off or other cross action which could have been prejudiced thereby; hence, under the facts in this case, the court erred in not permitting the plaintiff to take a voluntary non suit, although both parties had requested the affirmative charge, and the court had directed a verdict for the defendant with hypothesis.

2. *Bills and Notes; Bona Fide Purchaser; Directing Verdict.*— Where the plaintiff had not shown when the note sued on was transferred to him, or that he had purchased it in good faith for value before maturity, he was not entitled to have a verdict directed for him.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by John A. Darden against J. L. Holloway. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

LACKEY & BRIDGES, and JOHN A. DARDEN, for appellant. A plaintiff has a right to voluntary non suit at any time before the jury retires.—Sec. 5353, Code 1907. It cannot be said that the refusal works no injury to the plaintiff because a non suit is not a bar to a subsequent action while a judgment such as here rendered is.

[Darden v. Holloway.]

*Bradley v. Hunter,* 50 Ala. 265; *Mobile L. & R. R. Co. v. Hinson,* 135 Ala. 284. ˙ Counsel insist that plaintiff was entitled to the affirmative charge, but without citation of authority.

WHITSON & HARRISON, and GEORGE A. SORRELL, for appellee. Having failed to prove when the note was transferred to him or that he bought it for value before maturity in good faith, plaintiff was not entitled to have verdict directed.—*Johnson v. Banks,* 88 Ala. 274; *Ala. Nat. Bank v. Halsey,* 109 Ala. 208; *Woodall v. Peoples' Bank,* 153 Ala. 576. Both parties had requested the affirmative charge, and the court was thereby clothed with the functions of the jury and having directed a verdict for the defendant the case was finally concluded. —76 Am. St. Rep. 283; 66 Am. St. Rep. 691; 6 A. & E. Ann. Cases, 544; 141 Fed. 293; 93 N. W. 930; 96 N. W. 1053; 69 Atl. 1013; 28 L. R. A. (N. S.) 954. Where the parties agree that the judge should give the affirmative charge for one or the other, it amounts to a submission of the cause to the court, and is a waiver of the jury.—*N. C. & St. L. v. Cody,* 137 Ala. 597. After a submission to arbitration and award, plaintiff cannot take a non suit.—*Davis v. Foshee,* 34 Ala. 107.

PELHAM, J.—"After the evidence closed," as recited by the bill of exceptions in this case, "each party presented to the court a written request for the affirmative charge. The court gave such affirmative charge in favor of the defendant, and refused it to the plaintiff, whereupon defendant's attorney read to the jury the general charge in favor of the defendant, which the court had given at the defendant's request, and thereupon immediately after said charge had been so given and read to the jury, the plaintiff asked permission of

the court to take a nonsuit, and moved the court to permit him to take a nonsuit. The court overruled such motion and refused to permit the plaintiff to take a nonsuit, on the ground that the general charge had already been given in favor of the defendant and given to the jury, to which ruling of the court the plaintiff excepted."

The action of the court in refusing to allow plaintiff to take a nonsuit under the circumstances as above set out is here assigned as error. "It is well settled that while a suit in its ordinary form is pending in a court of law, the plaintiff has, subject to certain exceptions, the absolute right, before or after issue joined and *at any time before verdict rendered,* to dismiss his suit or take a voluntary nonsuit. (Italics supplied.)—*Davis v. Foshee,* 34 Ala. 108; *Jennings v. Pearce,* 99 Ala. 305 (13 South. 605) ; 6 Ency. Pl. & Pr. 833, 843; 1 Am. & Eng. Ency. Law (1st Ed.) 184; Hawes on Parties to Actions, § 2;" *Baldwin v. Roman,* 132 Ala. 323, 31 South. 596.

We think it would make no difference that the general charge had been requested by both parties. The verdict had not in fact been rendered, and the court's direction to the jury to render a verdict, *if they believed the evidence,* was not equivalent to a rendition of the verdict. The jury being the sole triers of the facts, it was exclusively in their province to pass on the evidence, and say whether, or not they believed it, and until they did this no verdict can be said to have been rendered. The plaintiff should have been allowed to take a nonsuit at the time he offered so to do; the jury had not retired nor had a verdict been rendered, and no rights of the defendant had been set up by pleas of set-off or other cross-action that could have been prejudiced by the entry of such a judgment.

The plaintiff (appellant) having failed to prove when the note sued upon was transferred, or that he purchased it in good faith for a valuable consideration be fore maturity, the general charge requested in his behalf was properly refused.

The appellant's right to suffer a nonsuit having been improperly denied by the trial court, the final judgment on the minutes entered in the court below is set aside, and a judgment of nonsuit here entered.

Reversed and rendered.