WEST COAST FRUIT COMPANY, a corporation, *Plaintiff in Error,* vs. W. L. HACKNEY, *Defendant in Error.*

136 So. 699.

Division B.

Opinion filed October 1, 1931.

*Ware & Wolfe,* of St. Petersburg, for Plaintiff in Error; *McMullen & McMullen,* of Clearwater, for Defendant in Error.

PER CURIAM:—On March 1, 1925, the plaintiff in error brought suit against the defendant in error for breach of contract. The issues were made up and a trial had December 17, 1926. During the course of that trial and before the jury retired, the plaintiff elected to take a non suit. The right to take such non suit was denied by the trial judge who directed a verdict for the defendant, and later entered final judgment thereon against the plaintiff. On August 1, 1929, the judgment rendered was reversed on writ of error taken to the Supreme Court. The ground of reversal was that plaintiff was unlawfully denied the right to take a non suit before the jury retired. See West Coast Fruit Company vs. Hackney, 98 Fla. 382, 123 Sou. Rep. 758. After the reversal, the cause was remanded. The effect of such reversal was to set aside the final judgment on the directed verdict and to uphold plaintiff's asserted right to have a non suit entered instead. Such non suit when entered in accordance with the mandate would have entitled the plaintiff to a review by writ of error and bill of exceptions (Section 4617 C. G. L., 2907 R. G. S.) as to any decision made on the trial which rendered the taking of the non suit necessary. The entry of such non suit after the mandate of this court went down on the reversal of the judgment was but another step in the progress of that cause which would have made avail-

able to the plaintiff a right of further review of the merits of the cause, on another writ of error prosecuted on the order of non suit.

Had such proceedings been taken and the order of non suit resulted in a reversal of the rulings of the trial court which made it necessary, the effect of such reversal would have been to award the plaintiff a new trial after the reversal of the non suit and the cause would accordingly have been re-instated on the trial docket for that purpose. Had the rulings of the court on the non suit been affirmed, the cause would have been at an end and such rulings would have been permanently disposed of in the defendant's favor by the affirmance here. Since such affirmance would have presented an insuperable obstacle to the plaintiff's recovery in any other suit involving the same rulings, the result would have been as effective in defendant's favor as would be a final judgment.

But when the cause was reversed and remanded for refusal of the trial court to allow a non suit, the plaintiff did not elect to proceed to have such order of non suit entered and a review of it had by writ of error as he might have done. On the contrary plaintiff elected to wholly abandon that suit and begin another one which was instituted on October 22nd, 1929. At the time of the institution of the second suit, the statute of limitations had run on plaintiff's claim, unless it is permissible to deduct from the period of limitation, that period of time represented by the time intervening between the entry of the erroneous judgment against plaintiff and the reversal of such judgment in the appellate court.

The sole point presented by the writ of error now before the Court is whether the Court below erred in refusing to deduct such period of time from the computation of the period provided by the statute of limitation, and in overruling plaintiff's contentions to the contrary, asserted both by a demurrer to defendant's plea of the statute of limita-

tions and by a replication to such plea filed after the demurrer was over-ruled.

Plaintiff in error contends that inasmuch as the cause of action sued on in the second suit is the same as that sued upon in the first that the error of the court on the first trial in entering a final judgment against it instead of a non suit barred during the pendency of such erroneous judgment a subsequent suit between the same parties on the same cause of action, though brought in a different form of action, and therefore brings plaintiff in error within the rule laid down in 17 R. C. L. page 870, to the following effect:

"Where the character of legal proceedings is such that the law restrains one of the parties from exercising a legal remedy against another, the running of the statutes of limitations applicable to the remedy is postponed, or if it has commenced to run, it is suspended, during the time restraint incident to the proceedings continues ... "

See also Blanshard, Limitations, pages 104-112; Wood on Limitations of Actions, 4th Ed. Vol. 1, page 12. Its argument accordingly is that the period of time intervening between the date of the entry of the erroneous judgment and the date of its reversal should be deducted from the period of the statute of limitations applicable to its subsequent case.

But as we have pointed out, plaintiff in error was under no necessity of finally dismissing its first suit. While getting at the same issues in that suit as are involved in this one would have been necessarily by a circuitous route, as we have demonstrated, the fact remains that there was no such necessity as plaintiff in error seems to have believed existed when he dismissed his former suit and elected to start a new one. There was consequently no reason for the court below to refuse to apply the ordinary statute of limitations in the second suit when defendant elected to plead that statute.

Where the court in the trial of a cause at law erro-

neously refuses to enter a non suit but enters final judgment against defendant instead, an appeal in such suit does not suspend the running of the statute of limitations in a new suit between the same parties so that the plaintiff in the new suit may be replication set up the former appeal as a bar to the defendant's plea of the statute of limitations in the new suit.

The judgment is affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.