101 So.2d 332

Pearl VINES

v.

CRESCENT TRANSIT, Inc.

6 Div. 50.

Supreme Court of Alabama.

March 6, 1958.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

Bainbridge & Mims, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

This case is on appeal from Jefferson . Circuit Court (Bessemer Division). This

is the second appeal by the plaintiff. See Vines v. Crescent Transit Co., Inc., 264 Ala. 114, 85 So.2d 436. What was there said is not material to a decision here.

On the last trial, after the evidence had been presented and the jury had been charged, the trial court made the following statement:

"Gentlemen, there will be no occasion for you to commence your deliberations this afternoon. I will let you go on now because the hour is late. Don't talk to any one about this case, and don't let any one talk to you about it, please. And come back at nine o'clock in the morning and go right straight into the jury room and commence your deliberations. So until nine o'clock tomorrow morning you gentlemen are excused."

Each juror was then allowed to go his respective way.

The time of the foregoing statement was about five o'clock in the afternoon of March 14, 1956. The following morning, March 15, 1956, before nine o'clock, the attorney for the plaintiff (appellant here) went to the court chambers and stated that he wished to make a motion on behalf of the plaintiff for a voluntary nonsuit in the case. The trial judge sent the bailiff into the jury room to request the jury not to commence their deliberations until further instructed by the court. It appears from the record that some doubt exists as to whether all the jurors had assembled in the jury room. At any rate, it was before the time set by the court for them to commence their deliberations. At least one exhibit had not been presented to the jury. Thereafter, the plaintiff made his motion for a nonsuit in open court and in the presence of counsel for the defendant, but not in the presence of the jury.

The trial court denied and overruled the motion of the plaintiff for a voluntary nonsuit. The jury rendered a verdict for the defendant and the plaintiff appeals. The appellant now assigns as error and argues

that the trial court erred in refusing to grant his motion for a voluntary nonsuit.

At common law, a plaintiff could take a nonsuit at any stage of the proceedings, even after the verdict. But the statute, 2 Hen. IV, c. 7, ordained "that after verdict a plaintiff shall not be nonsuit." Keat v. Barker, 5 Mod. 208, 87 Eng. Reprint 612 (1696). Therefore, the common law, in so far as this state is concerned, was that a plaintiff could suffer a nonsuit any time prior to the verdict being rendered.

A thorough examination of the Codes of Alabama reveal that this state has always had a statute in derogation of the common law of nonsuit in jury cases. The following is found in Toulmin's Digest of the Laws of the State of Alabama, 1823, p. 455, § 37.

"*And be it further enacted,* That every person or persons desirous 'of suffering a nonsuit on trial, shall be barred therefrom, unless he or they do so before the jury retire from the bar * * *." Passed Feb., 1807.

A like provision "Nonsuits must be taken before the jury retire * * *" is found in the following Codes of Alabama:

Code of Alabama 1852, § 2266
Code of Alabama 1867, § 2670
Code of Alabama 1876, § 3020
Code of Alabama 1886, § 2737
Code of Alabama 1896, § 3313
Code of Alabama 1907, § 5353

Beginning with the Code of Alabama 1923, the section was amended to read:

"Nonsuits must be taken before the jury retire to consider their verdict, or if the cause is tried by the court without a jury, must be taken before the court announces its decision; * * *"

Code of Alabama 1923, § 9492; Code of Alabama 1940, § 254, Title 7. The annotation to this section in the 1923 Code indicates it was amended "to meet what ap-

peared to be a defect pointed out by the court" in Baldwin v. Roman, 132 Ala. 323, 31 So. 596; Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70; Smith v. Louisville & N. R. Co., 208 Ala. 440, 94 So. 489; Darden v. Holloway, 1 Ala.App. 661, 56 So. 32. Thus, until the amendment in the 1923 Code, the common law applied in cases not covered by the statute.

There are expressions not necessary for the decision in the cases of Davis v. Forshee, 1859, 34 Ala. 107; Huffstutler v. Louisville Packing Co., 1908, 154 Ala. 291, 45 So. 418, 15 L.R.A.,N.S., 340; Darden v. Holloway, 1911, 1 Ala.App. 661, 56 So. 32, which tend to indicate that a nonsuit may be taken at any time before a verdict is rendered. In view of our statute, these statements are only expressive of the rule at common law.

We are now squarely presented with the question of when does the jury retire. Under our statute, it is our opinion that the jury in the instant case had not retired to consider their verdict. The trial judge had excused the jurors *to go home.* They were to commence their deliberations at nine o'clock the next morning.

In Dobkins v. Dittmers, 1908, 76 N.J.L. 235, 69 A. 1013, after the court had instructed the jury to render a verdict for defendant, the plaintiff moved for a nonsuit. The New Jersey statute, P.L.1903, p. 580, § 160, was as follows:

"The plaintiff shall have no right to submit to a nonsuit after the jury have gone from the bar to consider their verdict."

The court stated:

"The jury have 'gone from the bar' within the meaning of that phrase in the statute when they have *actually entered upon the consideration of their verdict* * * *." (Emphasis added.)

The practice of the actual withdrawal of the jury from the jury box is not here controlling. In the interest of certain-

ty and symmetry of the law, it is not our wish to have one meaning for "retire" and another meaning for "commence your deliberations." It is our belief that a jury has not retired to consider their verdict until they are in the jury room and can only emerge therefrom, or have anything brought therein, under the direction of the court, i. e., call the bailiff. It will then be presumed that they have entered upon the consideration of their verdict.

In the instant case, it appears that not only were there jurors absent from the jury room, but at least one exhibit had not been presented to the jury.

In Ohio Valley Electric Ry. Co. v. Lowe, 1915, 167 Ky. 132, 180 S.W. 61, § 371 of their Civil Code of Practice provided that an action might be dismissed "* * * by the plaintiff, before the final submission of the case to the jury * * *." The court stated:

"* * * (W)e find the rule to be that a case is finally submitted to the jury within the meaning of section 371 of the Code, when all questions of law have been disposed of by the court, and the instructions and *papers pertaining to the case have actually been delivered to the jury,* and they are authorized, without further interposition or control of the court, to proceed to a decision of the case. At any time before that stage of the trial is reached the case has not been finally submitted to the jury, and the plaintiff may dismiss it * * *." (Emphasis added.)

Obviously, prior to nine o'clock that morning the jurors could do as they pleased and were free to come and go as they might choose. How then could they "consider their verdict" until they were all present in the jury room?

It is recognized that a situation might arise when a jury would proceed to make up its verdict without leaving the jury box; we are not called upon here to consider such a situation and expressly state that we are not so ruling.

The plaintiff's motion for a nonsuit should have been granted and the court erred in not doing so.

Reversed and remanded.

SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.

LAWSON, J., concurs in the result.