146 So.2d 318

**Pearl VINES**

v.

**CRESCENT TRANSIT COMPANY.**

6 Div. 430.

Supreme Court of Alabama.

July 26, 1962.

Rehearing Denied Oct. 25, 1962.

174

Bainbridge & Mims, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee.

Brobston, Jones & Brobston, Bessemer, for appellant.

COLEMAN, Justice.

This is the third appeal wherein the same cause of action has been before us. The

two prior appeals, however, were in a different action. The instant appeal is the first appeal in the instant action. The parties are the same in all three appeals.

Plaintiff seeks to recover for personal injury.

In 264 Ala. 114, 85 So.2d 436, the trial court sustained demurrer to one count of the complaint and also overruled plaintiff's demurrer to the plea of the statute of limitations of one year which had been interposed to the other count. Plaintiff took a nonsuit and appealed. This court reversed and held that both counts were for breach of an implied contract and that the one-year statute did not bar plaintiff's action.

After remandment the case went to trial by a jury. Plaintiff moved for a nonsuit but the court denied the motion and submitted the case to the jury who returned a verdict for defendant. From a judgment on the verdict, plaintiff again appealed. On this second appeal, 267 Ala. 232, 101 So.2d 332, this court again reversed and held that plaintiff had moved for a nonsuit before the jury retired and, therefore, that the court had erred in denying plaintiff's motion for nonsuit.

The decision on the second appeal was rendered March 6, 1958, which was more than six years after the date of plaintiff's alleged injury, on to wit, January 15, 1952.

This record does not disclose what took place in the circuit court in the prior action after the second remandment. Because the instant record does show that the instant complaint was filed May 1, 1958, we surmise that, after remandment, plaintiff's motion for nonsuit was granted in accordance with our decision and that plaintiff's original action was thus terminated. In any event, the action now before us is not the same action which was here before. The instant action was begun more than six years after the alleged date on which the cause of action accrued.

The complaint in the instant case contains one count which is the same, in all material respects, as Count A which appears in the report of the first appeal in 264 Ala. 114, 85 So.2d 436.

In reply to the instant complaint defendant pleaded: (1) the general issue, and (2) the statute of limitations of six years.

Plaintiff filed several special replications to plea 2. Defendant's demurrer to the special replications was sustained, whereupon the plaintiff took a voluntary nonsuit and has appealed to review the ruling sustaining defendant's demurrer to plaintiff's special replications. The following replications embody the allegations relied on by plaintiff:

"2. It appears from the record in Case Number 11503 that a non-suit was requested by plaintiff at the last trial of that cause on to-wit March 15, 1956, and was denied by the trial judge, in error, and at such time six years had not intervened since the date of the wrong complained of and set out in the complaint, and that six years expired from the date of the wrong complained of on to-wit: January 14, 1958 during the pendency of said cause on appeal to the Supreme Court of Alabama, and which Supreme Court decision was rendered on to-wit: March 6, 1958 and while said action was pending in the Supreme Court no additional action could have been filed by the same plaintiff on the same cause during the pendency of this action.

"3. The record of said cause shows upon its face that the statute of limitations of six years in this cause was tolled by the pendency of said action.

\* \* \* \* \* \*

"6. For that to apply the statute of limitations of six years in this cause would deny to plaintiff rights guaranteed to her under the Federal Constitution and the State Constitution of Alabama."

The special replications allege that, while the second appeal was pending, six years

after accrual of the cause of action expired, and undertake to assert that the plaintiff is not barred from commencing the instant action after the expiration of said six-year period because the running of the statute was suspended while the appeal in the first action was pending.

Plaintiff argues that she is not barred by the statute of limitations of six years for two reasons. First, plaintiff says that under § 35 Title 7, Code 1940, she was entitled to one year after reversal of the judgment on the second appeal, on March 6, 1958, within which to commence the instant action. As already stated, the instant action was commenced on May 1, 1958, which was within one year after reversal on March 6, 1958. § 35 recites as follows:

"If any action is brought before the time limited has expired, and judgment is rendered for the plaintiff, and such judgment is arrested or reversed on appeal, the plaintiff or his legal representative may commence suit again within one year from the reversal or arrest of such judgment, though the period limited may in the meantime have expired; and in like manner, if more than one judgment is arrested or reversed, suit may be recommenced within one year."

Plaintiff admits that:

"It is true that by the strict letter of that Code section the judgment initially must be rendered for the plaintiff and when reversed on appeal plaintiff might commence suit within a year from the reversal or arrest of such judgment, though the limitation period may have expired. * * *"

Plaintiff argues, however, that § 35 should be liberally construed; that because of § 146, Title 7, plaintiff could not commence another action while the second appeal was pending; that the six-year period of limitation ended before the second appeal was decided; that plaintiff is now prevented from prosecuting the instant action through no fault of her own; that plaintiff has not been guilty of lack of diligence or other fault; and that it would be unjust for plaintiff to be barred now from prosecuting this action. As we understand plaintiff's argument, she insists that, under the circumstances of this case, because a judgment for defendant in the prior action was reversed on appeal, the instant action is brought within the exception to the statute of limitations which is created by § 35, Title 7.

Clearly the exception created by § 35 is where "judgment is rendered for the plaintiff." With respect to statutes of limitation, this court has said: "* * * that an exception will not be implied for the purpose of arresting their operation; that unless there can be found in the statute itself some ground for restraining it, it cannot be restricted by arbitrary addition." Howell v. Hair, 15 Ala. 194, 198, 199. See also State Board of Adjustment v. State ex rel. Sossaman, 231 Ala. 520, 522, 165 So. 761, where it was said: "* * * there are no exceptions to the statute except those made in and by the statute itself."

The exception made by § 35, Title 7, is where "judgment is rendered for the plaintiff." The judgment reversed on appeal and here relied on by plaintiff was a judgment for defendant. It does not present a case of "judgment rendered for the plaintiff," and is not within the exception created by § 35, Title 7. Bercy v. Lavretta, 63 Ala. 374, 382.

Plaintiff's second reason, for insisting that the instant action should not now be barred by the six-year statute, is her assertion that to deprive her of the right to maintain the instant action is to deprive her of property without due process, or to deny her a remedy for an injury done her by defendant. Constitution of 1901, § 13.

We think the answer to plaintiff's contention is that, if she has lost her remedy, it is her own doing. A similar, if not identical, case has been considered by the Supreme Court of Florida.

In West Coast Fruit Company v. Hackney, 102 Fla. 1066, 136 So. 699, during the trial, plaintiff elected to take a nonsuit but the right to take such nonsuit was denied by the trial judge who directed a verdict for defendant. Judgment was rendered for defendant. The judgment was reversed on the ground that the plaintiff was unlawfully denied the right to take a nonsuit before the jury retired. West Coast Fruit Company v. Hackney, 98 Fla. 382, 123 So. 758.

After reversal, the cause was remanded. The effect of such reversal was to set aside the judgment for defendant and uphold plaintiff's asserted right to take a nonsuit. Such nonsuit, when entered in accordance with the mandate of the appellate court would have entitled plaintiff to a review, under the Florida statutes, as to any decision made on the trial which rendered the taking of the nonsuit necessary. A similar review is allowed under § 819, Title 7, Code of Alabama 1940. If such proceedings had been taken and if a review on the order of nonsuit had resulted in a reversal of the ruling of the trial court which made the nonsuit necessary, the effect of such reversal would have been to award plaintiff a new trial after reversal of the nonsuit and the cause would have been reinstated for that purpose. If the review on the order of nonsuit had resulted in affirmance of the ruling of the trial court, the cause would have been at an end. Since such affirmance would have presented an insuperable obstacle to plaintiff's recovery in any other suit involving the same rulings, the result would have been as effective in defendant's favor as would be a final judgment.

But when the cause was reversed and remanded for refusal to allow a nonsuit, plaintiff did not elect to proceed to have such order of nonsuit entered and a review of it as he might have done. Instead, plaintiff abandoned that suit and began another. At the time of institution of the second suit, the statute of limitations had run on plaintiff's claim, unless it were permissible to deduct from the period of limitation the time intervening between the entry of the erroneous judgment against plaintiff and the reversal of such judgment in the appellate court.

The Florida court decided that plaintiff was not entitled to deduct the time intervening between the date of the erroneous judgment and the date of its reversal. The court said:

> "But, as we have pointed out, plaintiff in error was under no necessity of finally dismissing its first suit. While getting at the same issue in that suit as are involved in this one would have been necessarily by a circuitous route, as we have demonstrated, the fact remains that there was no such necessity as plaintiff in error seems to have believed existed when he dismissed his former suit and elected to start a new one. There was consequently no reason for the court below to refuse to apply the ordinary statute of limitations in the second suit when defendant elected to plead that statute." [136 So. 699, 700, 701]

So in the instant case, plaintiff could have obtained review of the ruling, if any existed, which necessitated the nonsuit she elected to take and which was allowed to her by our decision on the second appeal in 267 Ala. 232, 101 So.2d 332. Plaintiff did not choose to follow that course. Instead, she abandoned the first action and instituted this one. The loss of remedy is the result of her own actions.

As we have undertaken to show, the replications are not a sufficient answer to the plea of the statute of limitations and, therefore, the court did not err in sustaining defendant's demurrer to the special replications.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

Plaintiff makes two points which warrant discussion. Plaintiff takes issue with our statement that the loss of remedy is the result of her own actions. Plaintiff says that her loss of remedy is not "solely as a result of abandoning her former suit," but is, in part at least, the result of error on the trial in denying her right to nonsuit and delay in deciding the appeal.

In simple justice, we must admit that plaintiff is not responsible for the error or for the delay on appeal, and further, that, but for the delay, plaintiff's second action could have been commenced before the bar of the six-year statute was complete. We do not charge plaintiff with responsibility for the error or the delay.

Plaintiff states her reason for taking a nonsuit as follows:

"Let us take a quick look at what actually happened in this case. At the conclusion of the court's charge to the jury on the trial of the prior case, it was apparent that the court had given what practically amounted to a directed verdict for the defendant on the question of damages. Upon calling this fact to the court's attention, the court stated that plaintiff's allegations of damages in the complaint were not sufficiently broad to permit a more comprehensive charge. To counsel's dismay we were forced to agree that the allegations of damages were insufficient to entitle plaintiff to a full and complete charge on damages in keeping with the testimony which had been introduced in the case bearing on the plaintiff's severe and permanent injuries, including physical pain and mental anguish. The court also informed plaintiff's counsel that any motion to amend or leave of

the court to amend at this stage of the proceedings would come too late, and there was absolutely no question in our minds but that the trial court's discretionary power to disallow an amendment at that time could not be reviewed as being an abuse of the court's discretion. We then did what we thought any good trial lawyer would do to protect the rights of his client. We moved the court for a nonsuit—not for the purpose of reviewing any adverse ruling of the court, for there had been no adverse ruling of the court, which we felt might be subject to review on appeal. We simply attempted to exercise our common law right of a voluntary dismissal, abandon that cause of action, which we had a right to do, pay the court costs in the trial action, and then re-file a new cause of action within the time prescribed by law. * * *."

These reasons for taking the nonsuit do not appear in the record before us. It is doubtful that these matters could be made so to appear. Even if they did appear, we do not see how they could change the result on this appeal.

The provision of the law for review of nisi prius proceedings is recognition that prejudicial error may occur in trials. Such possibility of error is inherent in the nature of man. The utmost remedy yet devised against it is to provide for review and correction of the error as fully as correction may be accomplished. This remedy, however, is not perfect.

"All appeals involve delays." Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 296, 175 So. 269.

Recognizing that meritorious claims might be lost through delay on appeal, the lawmakers enacted what is now § 35, Title 7, Code 1940, so that when judgment for plaintiff has been reversed on appeal, he may have one year within which to commence a new action. The lawmakers have not extended the statute to include reversal of a judgment for defendant, and this case

is of that class, as we sought to state on original deliverance. Whether the exception is to be enlarged to cover such cases is for the legislature to determine.

Plaintiff's second contention is that our opinion "has restricted the use of nonsuit to the procedure provided by statute for the purpose of reviewing an adverse ruling of the court." We do not think that is the result of the opinion. Without extended discussion, we will say that our decision is not to be taken as in any way restricting the right of a plaintiff to take a voluntary nonsuit.

Opinion extended.

Application overruled.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.