207 So.2d 325 (1968)
Hal MEYER, Appellant,
v.
CONTEMPORARY BROADCASTING COMPANY, Inc., a Corporation, Appellee.
No. 1201.
District Court of Appeal of Florida. Fourth District.
February 15, 1968.
William Murrell, Jr., Orlando, for appellant.
John Ward and Fred M. Peed, of Gurney, Gurney & Handley, Orlando, for appellee.
CROSS, Judge.
Appellant-plaintiff, Hal Meyer, appeals from a final judgment entered in favor of the appellee-defendant, Contemporary Broadcasting Company, Inc., in an action for breach of an employment contract. We reverse.
The contract which gave rise to this cause of action is in writing and provided for the employment of plaintiff as sales manager for a radio station for a period of twelve months at a salary of $150 per week plus a five percent commission on all collections exceeding the amount of the corresponding month of the past year, excluding trade accounts, commissions to be paid monthly. Plaintiff also was to perform all general services expected as sales manager. During the first three months plaintiff was paid according to the contract, but for the remainder of the contract plaintiff's salary was reduced from $150 per week to $100.
Plaintiff after termination of the contract instituted this suit for breach of contract to pay the remuneration which he alleges he was to have received.
*326 Defendant answered denying the allegations and asserting a breach of contract by the plaintiff and nonperformance under the contract.
The case came on for trial before a jury, and at the close of plaintiff's case the defendant moved for a directed verdict which was granted and final judgment entered accordingly. Hence this appeal.
Plaintiff asserts two points on appeal; the first, that the court erred in granting defendant's motion for a directed verdict at the close of plaintiff's case. While there is a serious question of doubt as to whether there was no evidence introduced upon which the jury could lawfully find a verdict for the plaintiff, we feel that the important aspect of this case involves the plaintiff's second point. Since we are reversing on the second point, we need not further consider the first point.
The plaintiff asserts in his second point that the court erred in refusing to allow the plaintiff to take a voluntary dismissal at the close of his case pursuant to Rule 1.35 of Florida Rules of Civil Procedure, 30 F.S.A.
In dealing with plaintiff's second point, two considerations must be determined. First, under Rule 1.35, F.R.C.P., as amended July 28, 1965, and effective January 1, 1966 (in effect at the time of the trial of this cause), does the plaintiff have an absolute right of voluntary dismissal of his cause before retirement of the jury in a case tried before a jury or is this right discretionary with the trial judge?
Prior to the 1965 amendment, the rule read as follows:
"* * * [A]n action may be dismissed by the plaintiff without order of court (i) by filing * * * a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except that dismissal shall operate as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim."
Under the prior rule it has been held that the plaintiff was not entitled to take a voluntary nonsuit or a voluntary dismissal as a matter of right but this was a discretionary matter left to the trial judge. Union Trust Co. v. Fields, Fla.App. 1965, 176 So.2d 339; Cook v. Lichtblau, Fla.App. 1965, 176 So.2d 523. However, the rule under consideration was substantially amended July 28, 1965, and effective January 1, 1966, and read as follows:[1]
"* * * [A]n action may be dismissed by plaintiff without order of court (i) by serving * * * a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an *327 action based on or including the same claim." (Emphasis added.)
Reading the rule it will be noted that in the first three lines it states that an action may be dismissed by plaintiff without order of court. This appears to give the plaintiff absolute control of the continuation of litigation up to either the hearing on a motion for summary judgment, the retirement of the jury, or the submission of a nonjury case to the court for decision,[2] and we so hold that such right is absolute.
The remaining element of the second point to be considered is the meaning of "before retirement of the jury." In the case under consideration the trial judge at the close of the plaintiff's case and in the absence of the jury during argument, on defendant's motion for directed verdict indicated his intention to grant defendant's motion for a directed verdict. Plaintiff immediately announced he was taking a voluntary dismissal of the suit. The trial judge said he had ruled, refused to allow a dismissal, called the jury back in, and then announced to the jury that the "court does here and now direct a verdict for the defendant." In Vines v. Crescent Transit, 1958, 267 Ala. 232, 101 So.2d 332, it was stated that a jury has not retired until they are in the jury room and can only emerge therefrom or have anything brought therein under the direction of the court. Only then is it presumed that they have entered upon the consideration of their verdict.
In the case sub judice the announcement by the plaintiff of the voluntary dismissal of the suit prior to any announcement by the court to the jury that it was directing a verdict for the defendant was timely and within Rule 1.35(a) (1) as amended July 28, 1965, and effective January 1, 1966, and was before retirement of the jury.
Accordingly, the final judgment appealed is reversed.
Reversed.
McCAIN and REED, JJ., concur.
NOTES
[1] Rule 1.420 effective January 1, 1967 is derived from former Rule 1.35 as per amendment effective January 1, 1966. The rule in effect now initially differs from the original rule by excluding actions wherein property has been seized or is in the custody of the court. The present rule also permits stating on the record a notice of dismissal during trial before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision.
[2] See 30 F.S.A., Rules of Civ.Proc., at 466, wherein the author states that the 1966 amendment permits one absolute discontinuance. Also in accord see The Florida Bar Continuing Legal Education, Florida R.C.P. at 4.86, wherein the author states, "A party has an absolute right to dismiss without prejudice * * *"