METZGER, JOSEPH P., Associate Judge.
This is an appeal in a medical malpractice suit from a final judgment entered in favor of the appellees, South Broward Hospital District, d/b/a Memorial Hospital and Kathleen Warren, a nurse employed at the hospital.
Plaintiff initially proceeded to jury trial on June 12, 1968. During the course of the trial, plaintiff’s counsel informed the court that one of the plaintiff’s medical witnesses was not available to testify, the witness apparently being, at that time, out of the state.
Plaintiff’s counsel thereupon requested the court to declare a mistrial, and the court granted plaintiff’s request. Thereafter the court issued ifs order resetting the case for jury trial. On December 16, 1968, the case again proceeded to jury trial. At the close of plaintiff’s case, defendants’ motion for directed verdict was denied. Then, during the presentation of defendants’ case-in-chief, plaintiff’s attorney stated on the record, his notice of dismissal under Rule 1.420(a) (1), 30 F.S.A. which provides for such procedure being employed by the plaintiff, if utilized before the retirement of the jury.
The court chose to treat the prior mistrial as akin to a non-suit or a voluntary dismissal under Rule 1.420. At this juncture, defendants’ counsel moved for a directed verdict. The motion was granted. Final judgment against the plaintiff was entered and this appeal followed.
The appellant raises two points on appeal, the first point relating to the right of a plaintiff to take a voluntary dismissal under Rule 1.420; the second point refers to the court’s granting the defendants’ motion for a directed verdict.
Since we reverse on the first point, further treatment of the second point is unnecessary.
Plaintiff has an absolute right to take a voluntary dismissal before retirement of the jury. In Meyer v. Contemporary Broadcasting Company, Fla.App.1968, 207 So.2d 325, the Fourth District Court of Appeal, opined at page 327 supra:
“Reading the rule [1.420] it will be noted that in the first three lines it *839 states that an action may be dismissed by plaintiff without order of court. This appears to give the plaintiff absolute control of the continuation of litigation up to either the hearing on a motion for summary judgment, the retirement of the jury, or the submission of a non jury case to the court for decision, and we so hold that such right is absolute.” (Emphasis added.)
We do not here predetermine the effect of plaintiff’s voluntary dismissal in the second trial which was taken after the initial trial aborted due to one of plaintiff’s witnesses failure to appear and testify.
It suffices to hold in the case at bar that plaintiff was not afforded her absolute right to take a voluntary dismissal.
Accordingly, the judgment is reversed and the cause remanded for further proceedings.
CROSS, C. J., and REED, J., concur.